IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. ANDREW HERSH,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK WALSH, et al.,<br><br>Defendants. | Civil Case No. 1:20-cv-231-AW/GRJ<br><br>Judge Allen Winsor |

**RELATOR'S MOTION FOR TELEPHONIC STATUS CONFERENCE**

Plaintiff-Relator Andrew Hersh ("Relator") respectfully asks this court to schedule a telephonic status conference to set a date by which the United States Government will pay the undisputed False Claims Act Relator's Share award amount owed to Relator pursuant to the Settlement Agreement between the parties, attached as Exhibit A, and pursuant to 31 U.S.C. § 3730(d)(1). Since at least March 5, 2025, it is undisputed by the Government that it owes at least $665,265 to Relator as his statutorily granted share of the proceeds of this action. The Government has repeatedly stated that it intends to pay Relator this amount. However, Relator has waited over seven months, and the Government has yet to make payment or even state a date by which payment will be sent. Relator asks that the Court hold a status conference to set a date by which the Government will transfer the Relator's Share award.

**MEMORANDUM IN SUPPORT**

Relator initiated the above-captioned False Claims Act *qui tam* action on September 14, 2020, against Defendant Patrick Walsh and various Defendant entities owned by Defendant Walsh, alleging that Defendants knowingly submitted false claims and false statements to the U.S. Small Business Administration (SBA), in connection with various loans made to the Defendants.

On August 30, 2022, concurrent with the Government's initiation of a separate criminal action against Defendant Walsh before this same Court, Mr. Walsh pleaded guilty to one count of wire fraud and one count of money laundering, and stipulated to an accompanying statement of facts. *United States v. Walsh* (N.D. Fla.), No. 1:22-cr-00024-AW-GRJ, ECF No. 17-18. It was Relator's whistleblowing that began the investigation of the criminal matter.

On January 31, 2023, this Court imposed a sentence on Mr. Walsh that included restitution of $7,818,167.00 made payable to the SBA. *Id.*, ECF No. 37.

Almost two years later on December 30, 2024, the parties to the civil FCA *qui tam* action, including the United States Government, Relator, and the Defendants, entered into a Settlement Agreement, attached to this motion as Exhibit A, resolving the claims raised in Relator's *qui tam* complaint. The Settlement Agreement included a proposed Consent Judgment for the Court, that the Court accepted and issued. ECF No. 33-34.

The conduct for which Defendant Walsh was criminally convicted was "substantially the same conduct as the Covered Conduct" of the Settlement Agreement: namely, false claims and statements made in connection with SBA-

backed loans. Settlement Agreement at 2.

The Settlement Agreement provided that "The United States shall pay nineteen percent of all recoveries under this Settlement Agreement (including pursuant to the Consent Judgment) to Relator by electronic funds transfer ("Relator's Share")" and that "Walsh's payment and/or the United States' collection of criminal restitution of $7,818,167.00 as ordered in *United States v. Walsh* (N.D. Fla.), No. 1:22-cr-00024-AW-GRJ, ECF No. 38, including such payment or collection already completed, shall be credited towards Defendants' liability under the Consent Judgment." Settlement Agreement at 3.

On the effective date of the Settlement Agreement, December 30, 2024, the Government filed a Notice of Intervention intervening in the *qui tam* action, and requesting that the Court enter the Consent Judgment, at which point the Settlement Agreement would release Defendants from liability for the Covered Conduct. ECF. No. 26. The Court issued an Order directing entry of the Consent Judgment, and the Judgment was issued on February 18, 2025.

As the Settlement Agreement credits Defendant Walsh's criminal restitution towards his liability under the Consent Judgment, Relator became entitled to nineteen percent of the criminal restitution upon issuance of the Consent Judgment. This is undisputed.

On March 5, 2025, counsel for the United States informed counsel for Relator that, as of March 5, Defendant Walsh had paid $3,501,399.98 in restitution to the SBA. Almost all of this money was paid long before the Settlement Agreement was signed. It is also not disputed that the Government therefore owes

3

nineteen percent of this amount, or approximately $665,265, to Relator.

Unfortunately, it has now been over seven months since this Court entered its Order which operated to grant the Relator's Share pursuant to the Settlement Agreement. In that time, the Government has been unable or unwilling to definitively state a date by which it will transfer the Relator's Share to Relator.

On September 23, 2025, counsel for the United States informed counsel for Relator that the Relator's Share amount had—finally—been transferred from SBA to the Department of Justice, and that the Relator's Share would be transferred from the Department of Justice to Relator at an indefinite date.

Then, Counsel for the United States forwarded a notification from the Department of Justice stating that the Department's Unified Financial Management System (UFMS) is "experiencing a scheduled outage until October 14, 2025; therefore, disbursements are being held until after this date. Once UFMS has resumed all activities, the payment should go through the disbursement process." Counsel further relayed that the weeks-long "outage" is a standard occurrence at the end of the fiscal year.

This unanticipated outage notwithstanding, Relator has no assurance or confidence that there will not be another unreasonable delay of additional weeks or months as a result of an indeterminate "disbursement process." Relator understands that, because he is being paid a share of criminal restitution instead of a civil recovery, there is a different process for sending the payment than the Department's typical process for paying a relator's share. But an eight-month delay in payment is not reasonable.

As the Relator's Share is not interest-bearing, the practical effect of the eight months of delay is to reduce the value of the agreed-to Relator's Share. No further reduction is reasonable.

In the five years since he first alerted the Government to the Defendants' conduct, Relator has suffered devastating financial damage due to the loss of his career, which was a direct result of his whistleblowing and cooperation with the Government's investigation and prosecution of Defendants. This is precisely why the FCA guarantees a monetary reward to Relator. Relator has repeatedly made the government aware of his financial difficulties, through counsel.

Finally, Relator by seeking this conference does not intend to impugn the hard work of the Department of Justice in investigating and resolving this FCA action, nor its treatment of Relator overall. Relator merely seeks the assistance of the Court in clarifying when this payment will be made, as otherwise it may fall through the cracks yet again.

Relator respectfully requests that this Court schedule a telephonic hearing to set a date by which the Government will pay the Relator's Share to Relator.

## **N.D. Fla. Local Rule 7.1 Certification**

Pursuant to N.D. Fla. Local Rule 7.1(B), counsel for Relator conferred with counsel for the United States, Assistant United States Attorney Mary Ann Couch, who responded as follows: "The United States opposes Relator's request for a status conference. The United States has explained that due to a fiscal year scheduled outage, no payments can be processed until after October 14, 2025. As a result, the United States cannot confirm a date certain for payment at this time.

Further, counsel for the United States may be unavailable for a status conference due to furlough."

## Certificate of Word Limit

Pursuant to N.D. Fla. Local Rule 7.1(F), the undersigned counsel hereby certifies that this document contains 1351 words.

Dated: September 30, 2025

By: */s/ Adam D. Warden*
Maya Saxena
Joseph E. White, III
Lester Hooker
Adam D. Warden
7777 Glades Road
Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
awarden@saxenawhite.com

Mark Hanna
Nicolas F. Mendoza
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Phone: (202) 223-2620
mhanna@murphypllc.com
nmendoza@murphypllc.com

## Certificate of Service

    I certify that the foregoing was electronically filed with the Court's CM/ECF system, which will then send a notification of such filing to all attorneys of record registered with the Court's CM/ECF system.

*/s/ Adam D. Warden*
*Counsel for Relator*
